UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER MAE DOERR,

                              Plaintiff,

               -vs-                                          13-CV-429-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.
_____

APPEARANCES:   PUSATIER, SHERMAN, ABBOTT & SUGARMAN LLP (RICHARD G.
               ABBOTT, ESQ., of Counsel), Kenmore, New York, for Plaintiff.

               WILLIAM J. HOCHUL, JR., United States Attorney (MICHAEL S.
               CERRONE, Assistant United States Attorney, of Counsel), Buffalo,
               New York, for Defendant.

        This matter has been transferred to the undersigned for all further proceedings, by

order of Chief United States District Judge William M. Skretny dated April 16, 2014 (Item

14).

        Plaintiff Jennifer Mae Doerr initiated this action on April 29, 2013, pursuant to the

Social Security Act, 42 U.S.C. § 405(g) ("the Act"), for judicial review of the final

determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's

application for child's disability insurance benefits.   Both parties have moved for judgment

on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (*see* Items

9, 10).   For the following reasons, plaintiff's motion is denied, and the Commissioner's

motion is granted.

## BACKGROUND

Plaintiff was born on August 5, 1970 (Tr. 24).[1]  She filed an application for child's disability insurance benefits on December 1, 2010, alleging disability since July 1, 1979, due to complications from a brain tumor suffered as a young child (Tr. 96-102).   The application was denied administratively (Tr. 52-55), and plaintiff requested a hearing which was held before Administrative Law Judge ("ALJ") Robert T. Harvey on April 4, 2012 (Tr. 18-50).  Plaintiff testified at the hearing, and was represented by counsel.

In a decision issued on May 21, 2012, the ALJ found that plaintiff was not disabled within the meaning of the Act (Tr. 6-14).  Following the sequential process for evaluating disability claims outlined in the Social Security Regulations at 20 C.F.R. § 404.1520(a), the ALJ determined that, in the absence of any medical records reflecting plaintiff's condition during the period from August 1988 (when she turned 18) through August 1992 (when she turned 22), plaintiff "failed to carry her burden of proof demonstrating the presence of a severe impairment causing restrictions in her ability to perform work related activities within the meaning of the Act and Regulations continuously since prior to the age of 22" (Tr. 14).

On March 28, 2013, the Appeals Council denied plaintiff's request for review (Tr. 1-4), making the ALJ's decision the final determination of the Commissioner, and this action followed.

In her motion for judgment on the pleadings, plaintiff contends that the Commissioner's determination should be reversed because the record establishes that plaintiff has been continuously disabled since prior to her twenty-second birthday, and that

---

[1]Parenthetical numeric references preceded by "Tr." are to pages of the administrative transcript filed by the Commissioner as part of the answer in this action (Item 7).

the ALJ failed to properly assess the credibility of the hearing testimony with respect to plaintiff's complaints of disabling chronic fatigue. *See* Item 9-1. The government contends that the Commissioner's determination should be affirmed because the ALJ's decision is based on substantial evidence.

## DISCUSSION

**I.    Scope of Judicial Review**

The Social Security Act provides that, upon district court review of the Commissioner's decision, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999). The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts. *Giannasca v. Astrue*, 2011 WL 4445141, at *3 (S.D.N.Y. Sept. 26, 2011) (citing *Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977)).

Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner. *Richardson*, 402 U.S. at 401; *see also Cage v. Comm'r of Soc. Servs.*, 692 F.3d 118, 122 (2d Cir. 2012). The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the

conclusions reached" by the Commissioner.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Hart v. Colvin*, 2014 WL 916747, at *2 (W.D.N.Y. Mar. 10, 2014).

However, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in the light of correct legal standards." *Klofta v. Mathews*, 418 F. Supp. 1139, 1411 (E.D.Wis. 1976), *quoted in Sharbaugh v. Apfel*, 2000 WL 575632, at *2 (W.D.N.Y. March 20, 2000); *Nunez v. Astrue*, 2013 WL 3753421, at *6 (S.D.N.Y. July 17, 2013) (citing *Tejada*, 167 F.3d at 773).  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citations omitted).  Thus, the Commissioner's determination cannot be upheld when it is based on an erroneous view of the law, or misapplication of the Regulations, that disregards highly probative evidence.  *See Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983); *see also Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) ("Failure to apply the correct legal standards is grounds for reversal."), *quoted in McKinzie v. Astrue*, 2010 WL 276740, at *6 (W.D.N.Y. Jan. 20, 2010).

If the Commissioner's findings are free of legal error and supported by substantial evidence, the court must uphold the decision.  42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied ... the court shall review only the question of conformity with [the] regulations…."); *see Kohler*, 546 F.3d at 265.  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner."

*Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).  Even where there is substantial evidence in the record weighing against the Commissioner's findings, the determination will not be disturbed so long as substantial evidence also supports it.  *See Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision where there was substantial evidence for both sides)).

In addition, it is the function of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including claimant." *Carroll v. Sec'y of Health and Human Services*, 705 F.2d 638, 642 (2d Cir. 1983); *cf. Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. Sept. 5, 2013).  "Genuine conflicts in the medical evidence are for the Commissioner to resolve," *Veino*, 312 F.3d at 588, and the court "must show special deference" to credibility determinations made by the ALJ, "who had the opportunity to observe the witnesses' demeanor" while testifying.  *Yellow Freight Sys. Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994).

## II.     Standards for Determining Eligibility for Child's Disability Benefits

The Social Security Act provides disability insurance benefits for a disabled adult child  "on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died" if the claimant is "18 years old or older and ha[s] a disability that began before [the claimant] became 22 years old …."  20 C.F.R. § 404.350(a)(5); *see also* 42 U.S.C. § 402(d).  Thus, to establish entitlement to disabled adult child benefits, plaintiff must prove

… that she is a disabled adult whose parent was entitled to Social Security retirement benefits and that she may receive Social Security childhood disability benefits because she has been continuously disabled since before the age of 22 and was dependent on her parent.  The disability must be continuous from before age 22 until the claimant's application.

*Bronzene v. Astrue*, 2012 WL 602142, at *11 (N.D.N.Y. Feb. 23, 2012) (citing 42 U.S.C.

§ 402(d)(1)(B); *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1182 (D.C. Cir. 2008)

("Under Title II of the Social Security Act, a disabled adult … whose parent is entitled to

Social Security retirement benefits may herself receive Social Security childhood disability

benefits if she has been continuously disabled since before the age of 22 and is dependent

on her parent."); and *Futernick v. Richardson*, 484 F.2d 647, 648 (6th Cir. 1973) (same);

*see also Anderson v. Heckler*, 726 F.2d 455, 456 (8th Cir. 1984) (same).

In the context of determining eligibility for disabled adult child's benefits, the term

"disability" has substantially the same definition as it does in traditional, adult disability

cases.[2]  *See Ahearn v. Astrue*, 2010 WL 653712, at *3 (N.D.N.Y. Feb. 22, 2010).  As such,

the Regulations set forth a five-step sequential process for the ALJ to follow in evaluating

the claimant's eligibility for benefits.  *See* 20 C.F.R.§§ 404.1520, 416.920.  First, the ALJ

must determine whether the claimant is presently engaged in substantial gainful activity.

If the claimant is not, the ALJ must decide if the claimant has a "severe" impairment, which

is an impairment or combination of impairments that has lasted (or may be expected to

last) for a continuous period of at least 12 months which "significantly limits [the claimant's]

---

[2]"Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months …" and which "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(1)(A), (3); *see also* 20 C.F.R. §§ 404.1505(a), 404.1508.

physical or mental ability to do basic work activities...." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also* §§ 404.1509, 416.909 (duration requirement). If the claimant's impairment is severe and of qualifying duration, the ALJ then determines whether it meets or equals the criteria of an impairment found in the Listings. If the impairment meets or equals a listed impairment, the claimant will be found to be disabled. If the claimant does not have a listed impairment, the fourth step requires the ALJ to determine if, notwithstanding the impairment, the claimant has the residual functional capacity to perform his or her past relevant work. Finally, if the claimant is not capable of performing the past relevant work, the fifth step requires that the ALJ determine whether the claimant is capable of performing any work which exists in the national economy, considering the claimant's age, education, past work experience, and RFC. *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); *Lynch v. Astrue*, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008).

The claimant bears the burden of proof with respect to the first four steps of the analysis. If the claimant meets this burden, the burden shifts to the Commissioner to show that there exists work in the national economy that the claimant can perform. *Lynch*, 2008 WL 3413899, at *3 (citing *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999)); *see also Plumley v. Astrue*, 2010 WL 520271, at *2 (D.Vt. Feb. 9, 2010.**)**

In this case, ALJ Harvey found at step one that plaintiff had not performed substantial gainful activity since July 1, 1979, the alleged disability onset date (Tr. 11). At step two, the ALJ determined that, while the evidence in the record established that plaintiff

suffered from a medically determinable impairment (*i.e.*, status post medulloblastoma[3])

prior to attaining age 22 (Tr. 11), plaintiff had failed to provide sufficient evidence "to meet

her burden of proof in demonstrating the presence of a severe impairment present

continuously from prior to her twenty-second birthday" (Tr. 14).  The ALJ stated:

> The decisive element of this case is not whether the claimant has had an
> impairment prior to age twenty-two.  That is acknowledged in the form of
> status post medulloblastoma.  The issue is, rather, the standard of proof
> required ….  The operative word in the law and regulations is "disability."  It
> is not sufficient for a claimant to establish that her currently alleged disability
> relates to an impairment that began prior to the age of twenty-two.…  Rather,
> a claimant must prove that the <u>disability</u> (not merely the impairment)
> <u>continuously</u> existed from before the time the claimant attained the age of
> twenty two through to the time of application.

(Tr. 13).  Noting that "the medical record is silent" from 1982 through 2003 (Tr. 14), the ALJ

found insufficient evidence to demonstrate the presence of a severe impairment present

continuously from prior to plaintiff's twenty-second birthday on August 5, 1992, and

terminated the sequential analysis at step two.

Plaintiff contends that this was error, relying primarily on the hearing testimony of

her father, Dr. Ralph Doerr (a retired surgical oncologist), indicating that plaintiff has

experienced symptoms of fatigue continuously since her brain surgery in 1979 and

subsequent radiation treatments ending in 1982.  However, as set forth in the Act and

Regulations, testimony or other subjective statements as to a claimant's symptoms cannot

alone constitute conclusive evidence of disability.  *See* 42 U.S.C. § 423(d)(5)(A).  Rather:

> [T]here must be medical signs and findings, established by medically
> acceptable clinical or laboratory diagnostic techniques, which show the
> existence of a medical impairment that results from anatomical,

---

[3]Medulloblastoma is the most common brain tumor in children.  *See* http://www.nih.gov (U.S. Dept
of Health & Human Services, National Institutes of Health website).

physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability.

*Id.*; *see also* 20 C.F.R. § 404.1529(a); *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999).

The ALJ found no medical evidence in the record to substantiate plaintiff's claim that she was rendered disabled by fatigue continuously from her last radiation treatments in 1982 through the time of the filing of her application for child's disability insurance benefits in December 2010.  As noted, there are no treatment notes, reports, opinions, clinical findings, or other medical evidence in the record to provide a basis for a finding that plaintiff's impairments could reasonably be expected to have produced the symptoms alleged during the period from 1982 to 2004, or lead to the conclusion that plaintiff was under a disability continuously from sometime prior to her twenty-second birthday through the filing of her present application for benefits.

Plaintiff has submitted records from her neurologist, Dr Richard Ferguson (*see* Tr. 182-231, 332-35), and from her primary physician Dr. Kenneth Guth (*see* Tr. 232-91, 327-31), reporting office visits and treatment since 2004 which indicate that plaintiff has experienced "progressive cerebellar atrophy … likely related to her … medulloblastoma and its treatment" (Tr. 197), and "gait ataxia … related to her underlying cerebellar dysfunction" (Tr. 183).  While these reports and opinions from plaintiff's current treating sources could certainly provide an evidentiary basis for determining the disabling effect of plaintiff's medical impairments post-2004, the court's review of these records reveals no

contemporaneous reports, retrospective opinions, or other indications of plaintiff's condition during the twenty-two year gap between 1982 and 2004.[4]

In any event, the court's review of this evidence reveals no substantial corroboration for plaintiff's claims of disabling fatigue or exhaustion during the relevant time period. Rather, these records indicate that plaintiff's condition post-2004 has generally been reported by her treating physicians as "stable" (Tr. 237, 241, 245) or "neurologically stable" (Tr. 201, 203, 205, 207, 209, 211), with no complaints of fatigue, and her physicians' concerns about unsteady gait and progressive cerebellar atrophy as related to her underlying brain dysfunction did not become significant until 2009-10, when plaintiff suffered a series of minor falls (*see* Tr. 186-99).   Based on this review, and upon consideration of the record as a whole, the court finds that a reasonable mind could accept the ALJ's conclusion that plaintiff failed to meet her burden of proof to demonstrate the presence of a severe impairment continuously from prior to her twenty-second birthday through the date of her application for adult child's benefits, as required under the Social Security Act and the weight of circuit court authority cited above.

Plaintiff also contends that the Commissioner's determination should be reversed because the ALJ failed to properly assess the credibility of the hearing testimony with respect to plaintiff's claims of disabling fatigue.  This contention must likewise be rejected.

---

[4]The court notes that where there are such obvious gaps in the administrative record, the ALJ "is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel...."  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (internal quotation marks omitted).  Under the Regulations, the Commissioner satisfies this duty by making an initial and one follow-up attempt to obtain medical evidence.  20 C.F.R. §404.1512(d)(1).  The record reflects that these steps were taken in this case (*see* Tr. 232, 292).

The general rule in this regard is that the ALJ is required to evaluate the credibility of testimony or statements about the claimant's impairments when there is conflicting evidence about the extent of pain, limitations of function, or other symptoms alleged. *See Paries v. Colvin*, 2013 WL 4678352, at *9 (N.D.N.Y. Aug. 30, 2013) (citing *Snell*, 177 F.3d at 135). As the above discussion makes clear, however, there is no evidence of record–conflicting or otherwise–to support a reasonable conclusion that plaintiff was under a disability due to fatigue continuously since before she reached the age of twenty-two through the time she filed her application for child's disability insurance benefits in December 2010. Therefore, the ALJ properly determined that plaintiff did not meet the eligibility requirements for entitlement to adult child's disability insurance benefits, and any error resulting from the ALJ's failure to properly evaluate the credibility of the hearing testimony of plaintiff and her father regarding the disabling effects of plaintiff's chronic fatigue must be considered harmless.

Based on this review, the court finds that the ALJ's evaluation of the facts in this case was performed in accordance with the requirements of the Social Security Act, its implementing Regulations, and the weight of controlling authority, and his decision is supported by substantial evidence. Accordingly, the Commissioner's determination must be upheld.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Item 9) is denied, the Commissioner's motion for judgment on the pleadings (Item 10) is granted, and the case is dismissed.

The Clerk of the Court is directed to enter judgment in favor of the Commissioner, and to close the case.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated:   August 13, 2014